O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN YAGMAN,<br><br>             Plaintiff,<br><br>      v.<br><br>JP MORGAN CHASE BANK, N.A., CHASE BANK U.S.A., CHASE BANK N.A. d/b/a CHASE, JAMIE DIMON, and UNKNOWN NAMED DEFENDANTS 1-10,<br><br>             Defendants. | Case No. 2:11-cv-8427-ODW (MANx)<br><br>**ORDER RE DEFENDANTS' MOTION TO DISMISS [27]** |

Defendants' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") is before the Court. (Dkt. No. 27.) After careful consideration, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.

### I.   BACKGROUND

On July 30, 1980, Plaintiff executed a promissory note to Home Savings and Loan Association in the amount of $110,000, for the purchase of residential real

property located at 11928 Tabor Street, Los Angeles, California 90066.[1] (FAC ¶ 4; Req. Judicial Notice, Ex. A–B.) The promissory note was secured by a deed of trust, identifying Home Savings and Loan Association as the beneficiary, and Serrano Reconveyance Company as the trustee. (Req. Judicial Notice, Ex. B.)

In 1981, Home Savings and Loan Association converted from a State chartered savings and loan association to a Federally chartered savings association known as Home Savings of America, a Federal Savings and Loan Association. (*Id.* at Ex. C.) In 1983, Home Savings of America, a Federal Savings and Loan Association received Federal Home Loan Bank Board authorization to change its corporate title to Home Savings of America, F.A. (*Id.*) In 1991, Home Savings of America, F.A. converted to a Federal savings bank charter under the corporate title of Home Savings of America, FSB. (*Id.*) On October 3, 1998, Home Savings of America merged with and into Washington Mutual Bank. (*Id.*) Subsequently, on September 25, 2008, pursuant to a Purchase and Assumption Agreement, the FDIC-Receiver transferred to JPMorgan Chase, N.A. "all right, title, and interest of the Receiver in and to all of the assets" of Washington Mutual, including loans and loan commitments. (*Id.* at Ex. D, E.) As a result of these reorganizations and mergers, JPMorgan Chase, N.A. acquired the rights to Plaintiff's note. (*Id.*)

Plaintiff alleges that the promissory note "was for a 360-month period"; the last payment on the note was due on August 20, 2010, and the period of the note has

---

[1] To the extent the Court relies on any documents not attached directly to Plaintiff's FAC, those documents are referenced in the FAC and are thereby incorporated by reference. Furthermore, "[a] trial court may presume that public records are authentic and trustworthy" and therefore fall within the purview of Federal Rule of Evidence 201. *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir.1999); *see Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Rule 201 states that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

expired. (FAC ¶¶ 6, 8–9.) Plaintiff complains that Defendants continue to demand monthly payments on the note, but have no legal right to do so because the note period has expired. (*Id.* at ¶¶ 10–11.) Plaintiff further alleges Defendants are not authorized by any lender or legal holder of the note to demand payments. (*Id.* at ¶ 12.)

Plaintiff's FAC contains six causes of action. The first three relate to violations under the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692e(2)(A), (10); § 1692f(1). The fourth is a similar allegation under the California Rosenthal Act. Cal. Civ. Code § 1788.17. The fifth is for fraud, the sixth seeks declaratory relief that a debt is not owed and Defendants have no legal right to collect the debt on the note, and the seventh seeks injunctive relief.

## II.  LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8, which requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). But, conclusory allegations are not entitled to the assumption of truth—labels and conclusions, a formulaic recitation of the elements, or naked assertions will not be sufficient to state a claim upon which

relief can be granted. *Id.* at 1949, 50. Moreover, the plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully—where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief. *Id.* at 1949. The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

When considering a Rule 12(b)(6) motion, a court is generally limited to considering material within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Finally, as a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### III.   DISCUSSION

Defendants bring the instant motion seeking dismissal of all seven of Plaintiff's causes of action. Defendants further argue that JPMorgan Chase's Chairman, President, and Chief Executive Officer, Jamie Dimon, should be dismissed from the case.[2] The Court addresses Defendants' arguments in the order of Plaintiff's causes of action.

---

[2] The Court notes Plaintiff's voluntary dismissal of Mr. Dimon and will not further analyze this issue.

### A. FDCPA and Rosenthal Act

Plaintiff's first, second and third causes of action allege violations under the FDCPA, specifically: 15 U.S.C. § 1692e(2)(A); 15 U.S.C. §§ 1692e(10); and, 15 U.S.C. §§ 1692f(1). Plaintiff's fourth cause of action alleges the same misconduct under the Rosenthal Act, Cal. Civ. Code § 1788.17.

Defendants argue that they are not a debt collector under the FDCPA or the Rosenthal Act. The FDCPA prohibits debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices. *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). But, to be liable for a violation of the FDCPA, a defendant must, as a threshold matter, be a "debt collector" within the meaning of those acts. *Heintz*, 514 U.S. at 294. The FDCPA defines a "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

Courts have consistently held that the FDCPA does not apply to a consumer's creditors, mortgage servicing companies, or assignees of the mortgage debt, so long as the debt was not in default at the time the debt was assigned. *Wende v. Countrywide Home Loans, Inc.*, No. 10-cv-205-L(BLM), 2012 WL 642879, at *4 (S.D. Cal. Feb. 28, 2012); *see also Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) ("If the one who acquired the debt continues to service it, it is acting much like the original creditor that created the debt. On the other hand, if it simply acquires the debt for collection, it is acting more like a debt collector. . . . In other words, the Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not.")

In opposition, Plaintiff brings several arguments. First, Plaintiff points to a August 31, 2011 JPMorgan Chase letter to him, which states that JPMorgan Chase is a "debt collector". Second, Plaintiff notes JPMorgan Chase's admission that it is the

1  "agent of the beneficiary" of the promissory note, and argues that shows JPMorgan
2  Chase is a "debt collector" because it is attempting to collect on behalf of a third party
3  (the beneficiary). Third, Plaintiff argues that legislative history nor the cases
4  Defendants cite change the fact that Defendants are "debt collectors". Fourth,
5  Plaintiff asserts that JPMorgan Chase is a "debt collector" because it uses names other
6  than "JPMorgan Chase", like "Chase Bank" or "Chase", to collect the debts—
7  therefore falling within the definition of "debt collector" under 15 U.S.C. § 1692a(6);
8  because JPMorgan Chase, "uses any name other than his own which would indicate
9  that a third person is collecting or attempting to collect such debts."[3]

10  The Court finds no merit in any of these arguments. There is no real dispute
11  that "Chase" and "Chase Bank" refer to any entity other than JPMorgan Chase, and
12  the fact that JPMorgan Chase refers to itself as "Chase" or "Chase Bank" does not
13  make it into a debt collector or otherwise mean that it is somehow collecting the debts
14  of another. Further, even if JPMorgan Chase identifies itself as a "debt collector" or
15  an "agent of the beneficiary", case law is clear that FDCPA does not apply to
16  assignees of a mortgage debt, unless the debt was in default at the time of assignment.
17  Here, there is no showing that JPMorgan Chase is anything other than the assignee of
18  Plaintiff's promissory note. There are no allegations that JPMorgan Chase acquired
19  the debt *after* Plaintiff's default—in fact, Plaintiff does not state that he is in default.
20  / / /

---

[3] The Court in receipt of Plaintiff's March 8, 2012 submission of new authority, where he cites *Cruz v. Int'l Collection Corp.*, No. 09-17449, 2012 U.S. App. LEXIS 4852 (9th Cir. March 8, 2012). Plaintiff argues that this new case stands for the proposition that a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." *Id.* at *16. This is not *new* law. This is merely a recital of 15 U.S.C. § 1692(a)(6). Plaintiff's suggestion that this is new authority is reckless and misleading, and the Court hereby warns Plaintiff against such future conduct. This type of behavior is normally sanctionable against attorneys under L.R. 83-3.1.2, but the Court declines at this time to impose discipline on the disbarred pro se plaintiff.

For the same reasons discussed for FDCPA, Plaintiff's Rosenthal Act claim cannot stand. *See Sipe v. Countrywide Bank*, No. CV-F-09-798, 2010 U.S. Dist. LEXIS 70320, at *38–47 (E.D. Cal. July 13, 2010) ("a residential mortgage loan . . . is not a debt under the Rosenthal Act.").

Plaintiff's conclusory statements that JPMorgan Chase is a debt collector will not suffice. Case law indicates the opposite is true, and strongly suggests that Plaintiff's claims are frivolous. Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiff's first through fourth causes of action.

**B.  Fraud**

Plaintiff's fifth cause of action seeks remedy under the tort of fraud. The elements of fraud are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and, (5) resulting damage. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009). Allegations of fraud must satisfy the heightened pleading requirements of Rule 9(b), and must indicate the "who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

At the pleading stage, Plaintiff has satisfied the Rule 9 pleading requirements for fraud. Taking all of Plaintiff's allegations as true, Plaintiff states that Defendants misrepresented that they are entitled to collect on the expired note, inferring also that he owes no past due payments. (FAC ¶ 21.) Plaintiff also adequately pleads scienter because Defendants have attempted to collect on the expired note. (*Id.*) Plaintiff further alleges that by attempting to collect based on this expired note, Defendants intended to defraud Plaintiff, and Plaintiff relied on that misrepresentation and has suffered damages because he has made payments after the note expiration date and has had to respond to and defend against Defendants' collection inquiries. (FAC ¶ 10, 13, 24–26, 28.)

/ / /

The real issue in this case is whether Plaintiff is still obligated to make payments on the July 30, 1980 promissory note. Plaintiff alleges that the 360 month period of the note has expired, and therefore Defendants cannot collect on the note. (FAC ¶ 21.) In response, Defendants argue that a balance is still due and is enforceable despite the expiration of the note period. (Opp'n at 7:11–8:4.) Although this issue is not before the Court at this pleading stage, the Court deems this to be a fitting issue for summary judgment as this can be readily proven through proper documentation. Accordingly, the Court **DENIES** Defendants' Motion as to the fifth cause of action.

## C. Declaratory and Injunctive Relief

Declaratory relief under 28 U.S.C. §§ 2201 and 2202 is available only where the plaintiff pleads the existence of an underlying controversy between the parties. *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143–144 (9th Cir. 1994). Similarly, the All Writs Act, 28 U.S.C. § 1651 empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction. *Cal. Energy Comm'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985). Under this statute, federal courts may also issue writs of assistance to fashion injunctive relief, such as to quiet title or to enjoin a party from attempting to relitigate a cause of action relating to the same subject matter of an earlier action. *Hamilton v. Nakai*, 453 F.2d 152, 157–58 (9th Cir. 1971); *SEC v. G. C. George Securities, Inc.*, 637 F.2d 685, 688 (9th Cir. 1981). But, 28 U.S.C. § 1651 does not confer original jurisdiction—instead, it only prescribes the scope of relief that may be granted when jurisdiction otherwise exists. *Hamilton*, 453 F.2d at 157.

Because Plaintiff's fraud claim remains in this case, the Court finds that Plaintiff's sixth claim for declaratory relief and seventh claim for injunctive relief is adequately pled and **DENIES** Defendants' Motion accordingly.

///

///

## IV. CONCLUSION

Based on the foregoing discussion, Plaintiff's first, second, third, and fourth causes of action are **DISMISSED WITH PREJUDICE**. Defendant Jamie Dimon is **DISMISSED WITHOUT PREJUDICE**. Defendants shall answer Plaintiff's remaining claims within 14 days of this order. Parties are discouraged from filing any summary judgment motions prior to the Parties' Rule 26(f) conference. An order will issue setting the date for the Rule 26(f) scheduling conference before the Court.

**IT IS SO ORDERED.**

March 19, 2012

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE